489 P.2d 304

STATE of Arizona, Appellee,

v.

Ronald Lee LOGAN, Appellant.

No. I CA–CR 331.

Court of Appeals of Arizona, Division 1, Department A.

Oct. 7, 1971.

Rehearing Denied Nov. 4, 1971.

Review Denied Nov. 30, 1971.

Gary K. Nelson, Atty. Gen., by Paul Prato, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

DONOFRIO, Judge.

This is an appeal from a judgment of conviction entered by the Superior Court after a plea of guilty by defendant Logan to an amended information charging him with the crime of possession of marijuana.

The crucial question is whether defendant's plea of guilty was accepted by the court in violation of the pronouncements in

Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Defendant's contention is that the court did not properly advise defendant as to the nature of the charge or ascertain the factual background of the plea.

Defendant was charged with the crime of possession of marijuana for sale, a felony, by a complaint filed in the Northwest Phoenix Justice Court on April 15, 1970. Following a preliminary hearing defendant was bound over for trial in the Superior Court on this charge, and an information was thereafter filed. On arraignment in the Superior Court defendant pleaded not guilty and the case was set for trial. On the date of trial defendant appeared before the court with counsel at which time the State moved to file an amended information charging him with the crime of possession of marijuana in violation of A.R.S. § 36–1002.05 instead of § 36–1002.06 which referred to the original charge of possession of marijuana for sale.

The motion to file an amended information was granted, whereupon defendant requested leave to change his plea. The court, after ascertaining defendant's desire to plead guilty to the amended information, interrogated him concerning the matter and accepted a plea of guilty to the amended information. The court made findings that the defendant entered his plea knowingly, willingly and voluntarily.

We first consider whether defendant entered his plea with an understanding of the nature of the charge against him. We answer this question in the affirmative.

At the outset it should be noted that the court examined defendant and ascertained from him that he wanted to plead guilty to the amended information; that no promises or threats had been made to persuade him to do so. The court also advised him that he had a right to a jury trial and to confront the witnesses against him. Defendant stated he had a tenth-grade education. He also stated he understood that the charge could be either a felony or a misdemeanor, depending upon the court's sentence, and that the court could impose a sentence of up to ten years in prison.

Defendant was specifically asked by the court, "Is it true that on or about the 14th day of April, 1970, you did possess marijuana?", to which he answered, "Yes". Bearing in mind the charge was changed from possession of marijuana for sale, for which he was bound over, to only possession of marijuana, the answer "yes" could mean only one thing to an ordinary person, that is, that he knowingly was in possession of marijuana at that particular time. With the explanation of the type of crime this was and the possible penalties that could be meted out for this crime, it is most difficult for this Court to assume that he was not advised of the nature of the charge.

At this point a brief summary of the preliminary hearing would be helpful. This hearing revealed that based on information involving narcotics, the police officers obtained a search warrant for the apartment defendant was occupying, and that four or five officers were present when the search warrant was executed. At the time the officers appeared at the apartment they surrounded it, some staying at the front door. The officers yelled out, "Police officers, open up, we have a search warrant." After several attempts to have the occupants open the door failed, the officers kicked in the door which was locked. Defendant and his wife were inside. Prior to kicking the door in, one of the officers looked through a small opening in the paper which covered the window just north of the door and observed the two occupants moving toward the rear of the apartment.

The officers obtained from different places in the apartment, principally in the bathroom, 19 plastic baggies containing a green leafy substance and a rolled-up plastic bag containing two blue tablets (pills) and a small wrapped brown substance. The defense stipulated that the tests on the

evidence seized showed usable amounts of marijuana. A note pad with symbols and figures on it used by individuals dealing in narcotics was taken from the top of the dresser in the entryway of the apartment. Also seized was a rent receipt to Deana Logan.[1] At that time defendants were advised of their rights and chose to remain silent.

■ In view of the foregoing, and the fact that the officer testified at the preliminary hearing that defendant was specifically informed that he was placed under arrest for the charge of illegal possession of marijuana, we are satisfied that the plea which was entered to the amended information was made with an understanding of the nature of the charge.

■ We next treat the issue of whether the court properly ascertained the factual background of the plea. A reading of the transcript made at the time of the change of plea and of sentencing, other than what we have heretofore mentioned, does not reveal that the factual basis of the charge was gone into. The court, however, need not ascertain the factual basis solely from the mouth of the defendant, but may make this determination from the preliminary hearing and other official documents and pre-sentence reports. It is sufficient only if the totality of the record at the time of judgment and sentencing shows a factual basis to the court. State v. Hooper, 107 Ariz. 327, 487 P.2d 394 (1971); State v. Miller, 15 Ariz.App. 327, 488 P.2d 683.

■ Defendant admits to possession of marijuana on the date alleged. It was on that date that the preliminary hearing at which defendant was present revealed that a search warrant based upon the presence of narcotics was executed. At the time of the execution of the warrant defendant was in the apartment. This apartment, as shown by a receipt obtained at the time, was rented to Mrs. Logan. It was at this time that the 19 plastic baggies of marijuana were found in the bowls of the bathroom and at which time the defendant was placed under arrest for the crime of illegal possession of marijuana which was stipulated was in usable amounts. In addition to all this, there was a note pad found on the dresser that contained symbols used by individuals dealing in narcotics.

We are unable to find any evidence in the record that defendant did not know what he was doing when he plead guilty.

The factual basis of the charge was well before the court, the defendant and his counsel.

Affirmed.

STEVENS, P. J., and CASE, J., concur.

---

1. Defendant and his wife were jointly charged by the same information. They both entered pleas of guilty at the same time.