492 P.2d 435

### STATE of Arizona, Appellee,

v.

### Juan RINCON, Appellant.

### No. I CA–CR 275.

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 30, 1971.

Rehearing Denied Jan. 25, 1972.

Review Denied Feb. 29, 1972.

---

Gary K. Nelson, Atty. Gen., by Albert M. Coury, Asst. Atty. Gen., for appellee.

Ross P. Lee, Public Defender for Maricopa County, by Anne Kappes, and William Carter, Deputy Public Defenders, for appellant.

STEVENS, Presiding Judge.

The appellant, who was the defendant in the Superior Court, entered a plea of guilty to the offense of grand theft, a felony. Thereupon another felony information was dismissed. He was adjudged guilty and sentenced. This case is before us on appeal. The opening brief on appeal quotes the reporter's transcript at the time of the entry of the plea and the only issue presented therein is the asserted absence of a factual basis for the plea. The area of pleas of guilty and the factual basis for the entry of a judgment of guilt was reviewed by our Supreme Court in the case of State v. Wil-liker, 107 Ariz. 611, 491 P.2d 465 (1971). In our opinion the case at bar comes within the guidelines of Williker.

There was a preliminary hearing which was conducted on 18 June 1969. The defendant was represented at the preliminary hearing by a deputy from the Office of the Public Defender of Maricopa County. The same deputy served the defendant in open court at the time of the entry of the plea and at the time of the entry of the judgment of guilt and sentence.

■ The reporter's transcript of the preliminary hearing was filed in the Superior Court on 17 July 1969. It fully establishes the offense of grand theft, including the value of the items taken, and establishes the defendant to have either physically participated in the offense or to have been an accessory. An accessory is chargeable as a principal. A.R.S. § 13–142.

The plea of guilty was entered on 8 September 1969. The court advised that a probation officer investigation would be made which is routine in Arizona. The report is given to the judge prior to the time of the entry of the judgment of guilt and sentence. At the time of the entry of the plea the defendant was questioned largely by his attorney. The reporter's transcript of the preliminary hearing was of record before the trial court. The judgment of guilt and sentence were pronounced on 12 December 1969. When the entire record is put together there can be no question as to the presence of a factual basis for the plea. In State v. Logan, 15 Ariz.App. 457, 489 P.2d 304 (1971), we stated that we would consider " * * * the totality of the record at the time of judgment and sentencing." 15 Ariz.App. at 459, 489 P.2d at 306.

The defendant in person filed a notice of appeal and in connection with the appeal he is represented by the appellate staff of the Office of the Public Defender of Maricopa County. This often happens.

■■ It would be far better if the busy trial judges would afford the time to make better records, records fully complying with the spirit of Federal Criminal Rule 11,

17 A.R.S. In State v. Sutherland, 14 Ariz. App. 344, 483 P.2d 576 (1971), we analyzed Federal Rule 11 and the various stages of the proceedings for its application. In our opinion the deputy county attorney has a duty to request that the trial court make a full record which is reported by the court reporter. In our opinion the defense counsel, whether counsel be employed by the defendant or be appointed to represent him, has a similar duty. Defense counsel have an obligation to the defendant and to the trial court to see that the record reflects that all proper steps have been taken in relation to the plea and in relation to the judgment of guilt and sentence. Should the defendant then exercise his right of appeal, an Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), brief could be presented.

A review of the entire record convinces this Court that this matter must be

Affirmed.

CASE and DONOFRIO, JJ., concur.