753 P.2d 1185

The STATE of Arizona, Appellee,

v.

Delbert Dean BROOKS, Jr., Appellant.

No. 2 CA–CR 87–0350.

Court of Appeals of Arizona, Division 2, Department A.

March 29, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Eric J. Olsson, Tucson, for appellee.

Blaser, Kelly & Don, P.C. by Thomas G. Kelly, III, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Pursuant to a written plea agreement, appellant pled guilty to attempted trafficking in stolen property, a class 4 felony, in exchange for the state's dismissal of other trafficking charges. The plea agreement provided that appellant would be sentenced to the maximum prison term of five years or, alternatively, that intensive probation could be imposed. The court imposed the five-year prison term, finding as aggravating circumstances appellant's prior felony record, that his prior offenses are similar to the instant offense, that he committed the instant offense while on release, and that he attempted to minimize his involvement in the current offense.

Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969); appellant has not filed a supplemental brief. Counsel argues that there was not a factual basis for the guilty plea and that the court erred in sentencing appellant to a term of imprisonment.

At the change of plea hearing, the court questioned appellant regarding a factual basis for the guilty plea, asking appellant what he did to commit the offense. Appellant replied: "I sold some guns that were hot, some stolen property." Counsel argues that appellant's statement did not establish appellant's awareness that the property he sold had been stolen or that he acted with reckless disregard as to whether the goods were stolen. We believe appellant's statement to the court was sufficient. Assuming for purposes of argument that the statement was insufficient, the trial court need not determine the factual basis solely from a defendant's statements at the change of plea hearing. *See State v. Logan*, 15 Ariz.App. 457, 489 P.2d 304 (1971). A factual basis for a guilty plea may be established from the record as a whole. *State v. Ybarra*, 149 Ariz. 118, 716 P.2d 1055 (App.1986). In this case, before appellant entered into the plea agreement on which he was convicted, he withdrew from another plea agreement wherein he had agreed to plead guilty to the completed offense rather than the attempt. During the change of plea hearing on that withdrawn plea agreement, appellant admitted to the same trial judge that the guns which he sold belonged to someone else and that they were sold without the knowledge or permission of the owners. Appellant's statements at the change of plea hearings, combined with the information contained in the presentence report, were ample to establish a factual basis for his guilty plea to attempted trafficking. A guilty plea need only be supported by strong evidence of guilt, and the record contains such evidence.

Appellant next argues that the court should not have imposed a prison term. When the plea agreement was entered into, the court ordered that the probation officer supplement the presentence report to consider the question of appellant's qualification for intensive probation supervision. The probation officer's addendum to the presentence report recommended against placement into the intensive probation program, concluding that appellant's chances of successfully completing the program "were marginal at best." At sentencing, the prosecutor argued that the court does not have discretion to impose intensive probation on a defendant where the probation officer has recommended against such supervision, leaving the trial court no choice but to impose the alternative five-year pris-

on sentence specified in appellant's plea agreement. Appellant now contends that the probation officer's authority to determine whether a defendant should be placed in an intensive probation program invades the province of the judiciary in determining what punishment should be imposed. We do not agree.

Probation officers are appointed by the presiding judge of the superior court. A.R.S. § 12–251(A). The intensive probation program was created by statute. A.R.S. §§ 12–291 to 12–297. Specifically, § 12–292 provides that a probation officer shall prepare a presentence report for an offender who has been convicted of a class 4 felony and is eligible for probation. The probation officer is required to evaluate the offender's needs and the risk to the community, and "may recommend to the court that the offender be granted intensive probation." A.R.S. § 12–292(B). Subsection C provides: "If the court accepts the recommendation of the adult probation officer to grant an offender intensive probation it may suspend the imposition or execution of the sentence and grant the offender a period of intensive probation...."

First, we believe the statutes are clear that intensive probation supervision is available to defendants only where the probation officer makes such a recommendation. Second, the sentencing court is always free to reject the probation officer's recommendation of probation and to sentence a defendant to a term of imprisonment even where probation is recommended. There is nothing in the record to indicate that the judge felt that intensive probation was the appropriate disposition. Appellant relies on *State v. Jones*, 142 Ariz. 302, 689 P.2d 561 (App.1984), in which this court found a DUI statute unconstitutional to the extent that the prosecutor had the power to control sentencing. In this case, intensive probation may be recommended to the court, which may accept or reject the recommendation, by a probation officer whom the court itself has appointed and who functions within the judiciary. We agree with the state that *Jones* is distinguishable on that point.

We have reviewed the record and we find no fundamental error. The judgment of conviction and the sentence imposed are affirmed.

LACAGNINA, C.J., and HOWARD, P.J., concur.