834 P.2d 165

**The STATE of Arizona, Appellee,**

v.

**Johnnie Hernandez MAYER, Appellant.**

**No. 2 CA–CR 91–0831.**

Court of Appeals of Arizona, Division 2, Department B.

June 16, 1992.

Grant Woods, Atty. Gen., Tucson, for appellee.

Susan Kettlewell, Pima County Public Defender by Kathleen C. DuBois, Tucson, for appellant.

OPINION

DRUKE, Judge.

Appellant was charged by indictment with two counts of attempted second degree burglary, one count of second degree burglary and one count of theft by control. He originally entered a guilty plea to the burglary charge pursuant to a plea agreement, but the state was allowed to withdraw from the agreement when appellant failed to appear for sentencing. The state then filed an allegation of prior conviction. Appellant ultimately entered a guilty plea to all of the charges, and the trial court dismissed the allegation of prior convictions as untimely. The trial court imposed presumptive terms of imprisonment on all counts. The court further ordered that the four-year term imposed on count one be followed consecutively by concurrent terms on the remaining counts, the longest being five years.

In the sole issue raised on appeal, appellant contends that the trial court improperly engaged in an *ex parte* discussion with the probation officer prior to sentencing in violation of Canon 3(A)(4) of the Code of Judicial Conduct,[1] and that he must therefore be resentenced. *See* Ariz.R.S.Ct. 81, Canon 3(A)(4), 17A A.R.S. That rule provides:

A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider *ex parte* applications concerning a pending or impending proceeding. A judge, however, may obtain the advice of a disinter-

---

\* NOTE: The Honorable Levi Ray Haire, Retired, was authorized to participate in this appeal by the Chief Justice of the Arizona Supreme Court pursuant to Article 6, Section 20 of the Arizona Constitution and Ariz.Rev.Stat.Ann. § 38–813.

1. He acknowledges that any claim of due process violation is foreclosed by prior appellate decisions. *See State v. Mincey,* 130 Ariz. 389, 636 P.2d 637 (1981); *State v. Martinez,* 121 Ariz. 62, 588 P.2d 355 (App.1978).

ested expert on the law applicable to a proceeding.

We agree with the state, however, that this rule prohibiting *ex parte* communications, by definition, applies only to communications "by or for one party...." Black's Law Dictionary at 661 (Rev. 4th Ed.1968). A probation officer is not a party; he or she is an officer of the court. *See generally* A.R.S. §§ 12-251 through 12-254; *State v. Brooks*, 156 Ariz. 529, 753 P.2d 1185 (App.1988). Accordingly, the canon is not violated when a judge confers in private with a probation officer concerning the latter's presentence report prepared for and at the direction of the trial court. Neither recusal nor resentencing is required in this case.

We have reviewed the entire record for fundamental error and have found none. We therefore affirm.

FERNANDEZ, P.J., and HATHAWAY, J., concur.