NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

NATHAN SUTHERLAND, *Petitioner*.

No. 1 CA-CR 23-0007 PRPC
FILED 8-01-2023

---

Petition for Review from the Superior Court in Maricopa County
No. CR2019-103725-001
The Honorable Margaret LaBianca, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert A. Walsh
*Counsel for Respondent*

Apfel Law Group, Phoenix
By Seth M. Apfel
*Counsel for Petitioner*

_____

**MEMORANDUM DECISION**

Chief Judge David B. Gass, Judge Brian Y. Furuya, and Judge Andrew M. Jacobs delivered the decision of the court.

_____

**PER CURIAM**:

¶1  Petitioner Nathan Dorceus Sutherland petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review. We grant review and deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2  The victim in this matter is a quadriplegic with limited brain function living in a long-term care medical facility. The victim cannot talk, move, swallow, or breathe without assistance. On December 29, 2018, staff discovered the victim giving birth to a baby. No one knew the victim had been pregnant. Sutherland was an overnight nurse at the same facility. Police obtained a search warrant for Sutherland's DNA, which proved him to be the father of the victim's baby.

¶3  The State charged Sutherland with sexual assault (count 1) and vulnerable adult abuse (count 2). Sutherland pled guilty to both charges. Following the terms of the plea agreement, the superior court sentenced Sutherland to a slightly aggravated term of 10 years in prison on count 1, followed by lifetime probation on count 2. *See* Arizona Revised Statutes ("A.R.S.") § 13-1406(B). Sutherland filed a timely notice for post-conviction relief. The superior court summarily dismissed the petition, and this petition for review follows.

## DISCUSSION

¶4  Sutherland raises the same issues on review he raised below. We review the superior court's ruling on a petition for post-conviction relief for an abuse of discretion. *State v. Reed*, 252 Ariz. 236, 238 ¶ 6 (App. 2021).

## I. Sutherland's Consecutive Sentences Are Not an Impermissible Double Punishment.

¶5  Sutherland argues his consecutive sentences for counts 1 and 2 violate A.R.S. § 13-116's prohibition against double punishment. *See* Ariz. R. Crim. P. 33.1(c).

¶6        "An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent." A.R.S. § 13-116. Imposing a probation tail after completion of a prison sentence constitutes consecutive sentences for § 13-116 purposes. *State v. Watson*, 248 Ariz. 208, 218 ¶ 32 (App. 2020).

¶7        Courts apply the three-pronged "identical elements test to determine whether the evidence shows a single act, which requires concurrent sentences, or multiple acts, which permit consecutive sentences." *State v. Khoshbin*, 166 Ariz. 570, 575 (App. 1990) (*citing State v. Gordon*, 161 Ariz. 308 (1989)). First, the court must subtract the evidence necessary to convict on the "ultimate charge" and determine whether enough evidence remains to "satisf[y] the elements of the other crime." *Gordon*, 161 Ariz. at 315. Second, the court must determine "whether . . . it was factually impossible to commit the ultimate crime without also committing the secondary crime." *Id*. Finally, the court must "consider whether the defendant's conduct in committing the [secondary] crime caused the victim to suffer an additional risk of harm beyond that inherent in the ultimate crime." *Id*.

¶8        Here, sexual assault is the ultimate charge and vulnerable adult abuse the secondary. Sutherland committed sexual assault by intentionally engaging in sexual intercourse with the victim and without the victim's consent. *See* A.R.S. § 13-1406(A). This occurred sometime between February 1, 2018 and April 30, 2018. Sutherland committed vulnerable adult abuse by intentionally or knowingly "having the care or custody of a . . . vulnerable adult, who causes or permits the person or health of the . . . vulnerable adult to be injured or who causes or permits a . . . vulnerable adult to be placed in a situation where the person or health of the . . . vulnerable adult is endangered." A.R.S. § 13-3623(B)(1). This occurred sometime between February 1, 2018 and December 29, 2018 when the defendant did not inform anyone the victim was pregnant. After eliminating the elements of sexual assault, the elements of vulnerable adult abuse remain. Contrary to Sutherland's assertions, non-consensual intercourse is not an element of vulnerable adult abuse.

¶9        Further, Sutherland insists we may only consider the factual basis submitted during the change of plea because at the change of plea hearing, defense counsel read the factual basis for count 2 as occurring during the same date range as count 1. But statute and caselaw instruct us differently. *See* Ariz. R. Crim. P. 17.3(b) ("[T]he court may consider the defendant's statements, police reports, certified transcripts of grand jury

proceedings, or other satisfactory information."); *State v. Sodders*, 130 Ariz. 23, 25 (1981) ("The factual basis may be determined from the extended record which may include presentence report, preliminary hearing transcripts, statements of the defendant, proceedings before the grand jury, and other sources."); *State v. Salinas*, 181 Ariz. 104, 106 (1994) (court may consider the statements of prosecutors); *State v. Brooks*, 156 Ariz. 529, 530 (App. 1988) ("[T]he trial court need not determine the factual basis solely from a defendant's statements at the change of plea hearing."). The indictment, plea agreement, presentence report, police reports, and other statements made by the court during the change of plea and sentencing give strong evidence that count 2 occurred between February 1, 2018 and December 29, 2018. *Salinas*, 181 Ariz. at 106. Thus, the acts constituting sexual assault and abuse of a vulnerable adult were not committed on the same occasion; Sutherland could not have failed to report the victim's pregnancy at the same time he committed the sexual assault. The acts were committed independently of each other over different time spans.

¶10 Next, it was factually possible to commit sexual assault without also committing vulnerable adult abuse. After the assault, staff noticed the victim's abdomen expanding but could not detect the cause. Sutherland had months when he could have come forward. *Cf. State v. Stock*, 220 Ariz. 507, 510 ¶ 17 (App. 2009) ("[I]f Defendant had ceased efforts to escape and to avoid being taken into custody, he would have been charged only with unlawful flight."). Instead, Sutherland's silence after the assault endangered the victim's health because she did not receive prenatal care.

¶11 Finally, Sutherland caused the victim to suffer additional risk of harm beyond the harm of sexual assault when he did not notify staff about the victim's pregnancy. His actions denied the victim prenatal care. Staff did not discover the pregnancy until the victim was already bleeding and in the final stages of giving birth. The risks of untreated pregnancy and a partially unattended birth are not harms inherent in sexual assault.

¶12 Sutherland argues no evidence shows he knew about the pregnancy, and therefore, he did not expose the victim to additional risk of harm. To the extent Sutherland challenges the factual basis for count 2, the claim is waived. Sutherland failed to raise the issue before the superior court, and we will not consider issues raised for the first time on review. *See* Ariz. R. Crim. P. 33.16(c)(2)(B) (petition for review must contain issues decided by the superior court that defendant is presenting for review); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (court of appeals does not address issues raised for the first time in a petition for review). Beyond waiver, Sutherland misrepresents the record. According to police reports attached

to his petition for post-conviction relief, Sutherland oversaw the victim's care from February until December 2018 and had access to the victim throughout that time. Sutherland's argument is also unsubstantiated as he does not attach an affidavit alleging any facts contrary to the record. *See* Ariz. R. Crim. P. 33.7(e) ("The defendant must attach to the petition any affidavits, records, or other evidence currently available to the defendant supporting the allegations in the petition.").

**¶13**        The superior court did not abuse its discretion by imposing consecutive sentences.

## II.    Sutherland's Aggravated Sentence is Lawful.

**¶14**        Next, Sutherland argues his aggravated sentence is illegal because the superior court did not expressly cite a statutory aggravating factor, only catch-all aggravators. *See* Ariz. R. Crim. P. 33.1(c).

**¶15**        The trier of fact must find at least one aggravating factor for the defendant to be exposed to a sentencing range beyond the presumptive sentence. *State v. Martinez*, 210 Ariz. 578, 584 ¶ 21 (2005); A.R.S. § 13-701(C). Section 13-701(D) lists twenty-seven aggravating factors, including a catch-all aggravator. A.R.S. § 13-701(D)(27). However, "a court cannot aggravate a defendant's sentence beyond the presumptive sentence based solely on aggravating factors that fall within the catch-all category." *State v. Emedi*, 251 Ariz. 78, 85 ¶ 26 (App. 2021).

**¶16**        The superior court found three aggravating circumstances: (1) the victim was a vulnerable adult, a quadriplegic, unable to communicate; (2) the defendant was in a position of trust as a nurse and caregiver to the victim; and (3) the victim suffered from the sexual assault, pregnancy, and not being treated for either event. When it sentenced Sutherland to an aggravated sentence on count 1, the court found Sutherland's position of trust and the vulnerability of the victim justified the aggravated sentence. True, Sutherland's position of trust falls in the catch-all category. But the other two are statutory aggravators.

**¶17**        The court made an express finding under § 13-701(D)(13) when it stated, "It is hard to imagine a more vulnerable adult than the victim in this case; quadriplegic, unable to communicate." This finding falls under the aggravating circumstance that "[t]he victim of the offense . . . is a person with a disability as defined in § 38-492, subsection B." A.R.S. § 13-701(D)(13). Section 38-492 defines a person with a disability as "an individual who has a physical or mental impairment that substantially limits one or more major life activities of the individual or who has a record

of such an impairment or is regarded as having such an impairment." The victim was a quadriplegic with limited brain function unable to talk, move, swallow, or breathe without assistance. The victim clearly meets the definition of a person with a disability under § 38-492.

¶18         We reject Sutherland's claim the court could not make a finding under § 13-701(D)(13) because the court identified the victim as "vulnerable" but not explicitly as "disabled." Within the context of this case, this is a distinction without a difference. According to the vulnerable adult abuse statute, a vulnerable adult is one "who is unable to protect himself . . . because of a mental or physical impairment." A.R.S. § 13-3623(F)(6). A vulnerable adult is also defined as one "who is physically or mentally disabled." *Adult*, *Black's Law Dictionary* (11th ed. 2019). As previously discussed, the victim's severe disabilities would meet any of these standards. There is no confusion that the court's finding falls under § 13-701(D)(13). Indeed, Sutherland's argument is further weakened by his own admission that "there does not appear to be any question [the victim] is a person with a disability."

¶19         The superior court also complied with § 13-701(D)(9) when it found, "the victim's suffering is almost incomprehens[able]: Sexual assault, pregnancy, and then simply not being treated at all for the sexual assault, nor the pregnancy by anybody at all for months and months and months." This finding supports the aggravator that "The victim . . . suffered physical, emotional or financial harm." A.R.S. § 13-701(D)(9). In contrast to his previous argument that the victim was not disabled under statute, Sutherland claims on appeal that a finding of physical or emotional harm is improper because the victim was not conscious during the sexual assault; she was in a "persistent vegetative state." Sutherland fails to cite any authority supporting this conclusion and we reject it. Further, the record contradicts his claim. The presentence report describes that staff did not discover the victim in advanced labor until they saw "a lot of blood near her groin area." The victim also had injuries from delivering the baby. Additionally, a doctor at the hospital opined that the victim had been sexually assaulted multiple times. *See generally State v. Greene*, 182 Ariz. 576, 582 (1995) ("[A]ll victims of sexual assault suffer both physical and emotional injuries as a result of an assault."). The record establishes the victim not only suffered physical harm, she suffered extreme physical harm. Her alleged lack of awareness of that harm makes it no less extreme.

¶20         Sutherland's notion that the court had to use highly specific language before sentencing him to an aggravated term is meritless. A pronouncement of sentence is not some magic spell or incantation that can

lose its effectiveness by any meaningless failure to recite specific words. *See State v. Harrison*, 195 Ariz. 1, 4 ¶ 12 (1999) ("We do not raise form over substance and do not require a specific litany. Nor do we require formal findings or conclusions."); *see also State v. Poling*, 125 Ariz. 9, 12 (App. 1979) (upholding the court's findings when they are in substantial compliance with the statute). Based on the sentencing record before us, the court made the proper findings to sentence Sutherland to an aggravated term. Sutherland fails to show an abuse of discretion.

### III. Sutherland Waived His Claim of Ineffective Assistance of Counsel.

¶21 Finally, Sutherland claims his counsel was ineffective by filing a defective motion to suppress. *See* Ariz. R. Crim. P. 33.1(a). As a pleading defendant, Sutherland waived "all non-jurisdictional defects and defenses, including claims of ineffective assistance of counsel, except those that relate to the validity of a plea." *State v. Banda*, 232 Ariz. 582, 585 ¶ 12 (App. 2013); *State v. Quick*, 177 Ariz. 314, 316 (App. 1993); Ariz. R. Crim. P. 33.2(a)(1). Because the claim is unrelated to entry of the plea, the issue is waived.

### CONCLUSION

¶22 We grant review and deny relief.

