479 P.2d 194

**STATE of Arizona, Appellee,**

v.

**James Michael HENNESSY, III, Appellant.**

**No. 2 CA–CR 235.**

Court of Appeals of Arizona, Division 2.

Jan. 12, 1971.

The appellant was given a hearing on the petition for revocation of probation. He was given notice beforehand of the reasons for the proposed revocation. He was present at the hearing with a court-appointed attorney who was allowed to freely cross-examine adverse witnesses who testified under oath. The appellant was permitted to testify in his own behalf and the hearing was reported. We have reviewed the transcript of the proceedings and find substantial evidence of violation of the conditions of probation. Appellant even admitted the violations.

Appellant violated probation by leaving the state without his probation officer's permission and by associating with persons he knew were trafficking in drugs or who he knew had been convicted of a felony. Additionally, he did not submit a written report to his probation officer every month —all infractions of the conditions of probation.

Probation is calculated to aid the individual in rehabilitation. Quarantine from the old crowd and others with a demonstrated propensity toward lawlessness should increase chances for reformation by removing temptation from improper association. A.R.S. § 13–1657, subsec. B, amended laws 1970, allows revocation when probationer has become "abandoned to improper associates." Appellant did not seek permission to leave the state. His unexplained failure to submit a written report to the probation officer destroys all control necessary to effective probation and eliminates required supervision and gauging of progress. These conditions are reasonably within the trial court's power to determine conditions of probation under A.R.S. § 13–1657, subsec. A(1), as amended 1970.

> "* * * probation essentially calls for continuing supervision of the probationer and *maintaining jurisdiction* and power in the trial court to act in respect to such supervision." [Emphasis added] In re Osslo, 51 Cal.2d 371, 334 P.2d 1, 7 (1958).

———◆———

Gary K. Nelson, Atty. Gen. by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Howard A. Kashman, Pima County Public Defender by Michael P. Callahan, Deputy Public Defender, Tucson, for appellant.

HATHAWAY, Judge.

Appellant pled guilty to a charge of unlawful possession of LSD, received a suspended four year sentence, and was placed on probation. After a hearing to revoke probation was held on April 14, 1970, his probation was revoked, and he was sentenced to not less than two nor more than three years in the Arizona State Prison. Appellant appeals from this revocation of probation.

■ Appellant has set forth a number of academic questions far beyond the scope of any problem present in this appeal and we decline to discuss them. The revocation of probation was clearly justified.

Affirmed.

KRUCKER, C. J., and HOWARD, J., concur.