717 P.2d 480

**STATE of Arizona, Appellee,**

v.

**Jeffrey Lee MOORE, Appellant.**

**No. 1 CA–CR 9257.**

Court of Appeals of Arizona, Division 1, Department C.

April 1, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. and Greg A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

SHELLEY, Judge.

Appellant appeals from the trial court's order requiring the payment of restitution of $500.00, as ordered by the Board of Pardons and Parole, six months following his release from custody.

Appellant pled guilty to attempted burglary on January 11, 1985. Pursuant to the plea agreement, he was placed on four years probation, with one of the terms being that he pay restitution in the sum of $500.00, at the rate of $25.00 per month. Later, a petition to revoke probation was filed on the grounds that appellant had committed an assault, a felony. Thereafter appellant was found guilty of assault. He was sentenced to 2.25 years in prison, flat time, on the assault charge and the trial court, in an order entered on July 18, 1985, stated that "it is ordered revoking the probation previously granted to defendant on February 22, 1985 and terminating same as unsuccessfully completed." The court also ordered that:

Defendant pay restitution through the Clerk of the Superior Court of Maricopa County in the amount $500.00 as ordered by the Board of Pardons and Paroles pursuant to A.R.S. 31–412 or six months following release from custody, whichever date occurs first. Any order entered by the Board pursuant to 31–412 shall be transmitted to the Clerk of Superior Court, Maricopa County.

On appeal, appellant argues that the trial court erred in requiring him to pay restitution as ordered by the Board of Pardons and Parole because he would be serving flat time and when released from prison would no longer be under the jurisdiction of the Board of Pardons and Parole and that, in any event, the trial court violated the holding of this court in *State v. Oehlerking*, 147 Ariz. 266, 709 P.2d 900 (App. 1985). Appellant also argues that remanding the case is unnecessary because an order of restitution cannot be enforced and the court, therefore, "will have no power over him."

Both parties overlook a fundamental problem. When the court revoked appellant's probation, that action revoked all of the terms and conditions of the probation, including restitution. There is no statutory authority allowing the imposition of restitution independent of any other sentencing provision, be it imprisonment, suspension of the imposition of sentence, or a fine. Restitution by itself cannot stand alone but must be part of a sentence, and the court never entered a sentence after the revocation of probation. Rule 27.-7(c)(2), Arizona Rules of Criminal Procedure.

The trial court does not have authority to terminate a probation as unsuccessfully completed. A.R.S. § 13–901(E) as amended reads:

The court on its own initiative or upon application of the probationer may terminate the period of probation and discharge the defendant at a time earlier than that originally imposed *if in the court's opinion the ends of justice will be served thereby and if the conduct of the defendant on probation warrants it.* (emphasis added)

The statute clearly implies that the only way that probation can be terminated is if the defendant's conduct is such as to indicate rehabilitation. Rehabilitation is the purpose of probation. *State v. Hen-*

*nessy,* 13 Ariz.App. 546, 547, 479 P.2d 194, 195 (1971).

We therefore hold that the trial's court order with respect to restitution is void and the same is hereby vacated.

Having reached the foregoing conclusion, it is unnecessary to address the other issues presented on appeal. This case is remanded to the trial court for sentencing, at which time the trial court may either sentence the defendant or suspend the time for imposition of sentence under such terms and conditions as the court may deem proper.

EUBANK, P.J., and HAIRE, J., concur.