233 P.3d 625

**STATE of Arizona, Appellant**

v.

**Troy Jason LEWIS, Appellee.**

**No. 1 CA–CR 09–0127.**

Court of Appeals of Arizona, Division 1, Department E.

June 8, 2010.

Michael B. Whiting, Apache County Attorney By Anna M. Atencio, St. Johns, Attorneys for Appellant.

Emily L. Danies, Tucson, Attorney for Appellee.

## OPINION

OROZCO, Judge.

¶ 1 The Apache County Attorney's Office (the State) appeals Troy Jason Lewis' (Defendant) termination of probation. The State argues that the trial court imposed an illegal sentence by terminating Defendant's probation as "unsuccessful." The State also contends that there was insufficient evidence to find Defendant rehabilitated. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 On September 15, 2003, Defendant pled guilty to possession of a dangerous drug for sale. He was sentenced to five years' intensive probation, ordered to perform 40 hours

of community service per month and to pay $5400 in fines and various fees.

¶ 3 Defendant initially struggled with his probation. While on probation, Defendant tested positive for methamphetamine on October 30, 2003, February 13, 2004 and April 9, 2004. After each violation, Defendant was incarcerated. Following his third violation, the trial court ordered 35 days incarceration "until long-term rehabilitation [could] be secured."

¶ 4 Defendant successfully completed 180 days in an inpatient drug rehabilitation program. After his release from the program, Defendant abstained from using drugs and alcohol. In addition to remaining drug-free, Defendant made several lifestyle changes. He married, had two children, began regularly attending church, and completed vocational training. Defendant also maintained steady employment at the same company for two years.

¶ 5 Defendant's probation was due to expire on September 13, 2008. On September 3, 2008, Defendant's probation officer petitioned the court for termination of Defendant's probation. The petition stated that Defendant was delinquent 245 hours of community service and $6660[1] in fines and fees. Defendant's probation officer recommended that his probation be unsuccessfully terminated and criminal restitution be ordered for the amounts owed.

¶ 6 On September 4, 2008, the State filed an objection to the termination of Defendant's probation and a petition to revoke Defendant's probation. The petition cited Defendant's delinquency in both community service hours and court-ordered fines and fees.

¶ 7 On October 20, 2008, Defendant paid $3000 towards his fines. On December 2, 2008, Defendant paid an additional $1200. Defendant's efforts were noted by his probation officer. On December 4, 2008, Defendant's probation officer filed an addendum with the court, noting that Defendant was largely successful on probation for five years,

1. Although Defendant was initially assessed $5400 in fines, the amount of fees assessed is not clear from the record. Because Defendant does

not dispute that he owed $6660 in fines and fees, we assume for purposes of this decision that the amount was correct.

completed a rehabilitation program, performed 347 hours of community restitution, and paid $4200 towards his fines and fees. The addendum concluded that Defendant appeared "sincere in his desire to improve his life" and that "continued probation would be of little benefit." [2]

¶ 8 The trial court held a disposition hearing on December 8, 2008. At the hearing, the court noted Defendant had received three letters of support. In addition, Defendant addressed the court, acknowledged that he was behind in making payments, and took responsibility for his delinquency. Finally, Defendant stated that he had changed his life and been rehabilitated.

¶ 9 At the conclusion of the hearing, the trial court stated:

> Mr. Lewis, I tend to agree with you that probation is designed for rehabilitation, and I'm not certain that there's anything that probation can assist you with at this point in time to complete any rehabilitative process. It seems that those efforts have been made, and I don't think we're going to get better by keeping you on probation. Therefore, I am going to follow the recommendation. I will unsuccessfully terminate your probation today because there's a criminal—there's an outstanding amount, and that will be entered as a judgment against you.

¶ 10 The State timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 13–4032.4 (2010).[3]

## DISCUSSION

¶ 11 The State argues that the trial court imposed an illegal sentence in disposing of the case as an "unsuccessful termination" of probation. The State also argues that there was insufficient evidence to find Defendant was rehabilitated.

2. It appears from the record that the only reason to continue Defendant on probation, would be to pay the $2460 in fines and fees, while at the same time, continuing to accrue additional fines and fees.

3. Unless otherwise indicated, we cite the current version of the applicable rules and statutes because no revisions material to this decision have occurred.

## Illegal Sentence

¶ 12 The State argues that the court imposed an illegal sentence because it lacked statutory authority to terminate Defendant's probation as unsuccessful. It further argues that A.R.S § 13–901.E (2010) "clearly implies the only way probation can be terminated is if the defendant's conduct is such as to indicate rehabilitation."

¶ 13 "The power of a court to grant probation is not inherent, but is derived from statute, and therefore may be granted only in accordance with statutory authorization." *State v. Woodruff,* 196 Ariz. 359, 360, ¶ 8, 997 P.2d 544, 545 (App.2000). "We review issues of statutory interpretation de novo." *State v. Lewandowski,* 220 Ariz. 531, 533, ¶ 6, 207 P.3d 784, 786 (App.2009).

¶ 14 Section 13–901.E states:

> The court, on its own initiative or on application of the probationer, after notice and an opportunity to be heard for the prosecuting attorney and, on request, the victim, may terminate the period of probation or intensive probation and discharge the defendant at a time earlier than that originally imposed if in the court's opinion the ends of justice will be served and if the conduct of the defendant on probation warrants it.[4]

¶ 15 Therefore, a trial court has the authority to terminate probation when: (1) justice will be served; and (2) the conduct of the defendant indicates rehabilitation. A.R.S. § 13–901.E. In *State v. Moore,* this Court stated, "[t]he statute clearly implies that the only way that probation can be terminated is if the defendant's conduct is such as to indicate rehabilitation." 149 Ariz. 176, 177, 717 P.2d 480, 481 (App.1986). In that case no evidence of rehabilitation existed, thus

4. Arizona Rule of Criminal Procedure 27.4 also grants a trial court the authority to terminate a defendant's probation. "At any time during the term of probation, upon motion of the probation officer or on its own initiative, the court, after notifying the prosecutor, may terminate probation and discharge the probationer absolutely as provided by law." Ariz. R.Crim. P. 27.4.

prompting this Court to vacate the termination. *Id.* at 177–78, 717 P.2d at 481–82. In contrast, the trial court in this case explicitly stated that it was "not certain that there's anything that probation can assist [Defendant] with at this point in time to complete any rehabilitative process." Therefore, the trial court implicitly found both factors when it indicated that probation would no longer assist Defendant in the rehabilitative process. Accordingly, we find the trial court had the authority to terminate Defendant's probation as "unsuccessful." [5]

¶ 16 Nevertheless, the State argues that pursuant to Arizona Rule of Criminal Procedure 27.8.C(2) the court was required to either revoke, modify, or continue probation because Defendant was found to have violated the terms of his probation.[6] Rule 27.8.C(2) states "upon a determination that a violation of probation occurred, the court *may* revoke, modify or continue probation." (Emphasis added.)

¶ 17 When reviewing rules of criminal procedure we follow the rules of statutory interpretation. *State v. Silva*, 222 Ariz. 457, 460, ¶ 13, 216 P.3d 1203, 1206 (App.2009). A general principle of statutory construction is that the use of the word "may" generally indicates a permissive provision; in contrast, the use of the word "shall" typically indicates a mandatory provision. *State v. Seyrafi*, 201 Ariz. 147, 150, ¶ 14, 32 P.3d 430, 433 (App. 2001). A failure to follow a discretionary provision has no invalidating consequence. *Way v. State*, 205 Ariz. 149, 152, ¶ 9, 67 P.3d 1232, 1235 (App.2003).

¶ 18 Here, the use of the term "may" implies that Rule 27.8.C(2) is intended to be a permissive provision. Courts may depart from permissive provisions without violating their statutory grant of authority. *Id.* The dissent contends that a finding of a violation of probation under Rule 27.8.C(2) limits a trial court's options to the Rule's "revoke, modify or continue." This interpretation necessarily requires the presumption that Rule 27.8.C(2), when invoked, automatically invalidates the authority granted by A.R.S. § 13–901.E. However, "[r]ules and statutes 'should be harmonized wherever possible and read in conjunction with each other.' " *State v. Hansen*, 215 Ariz. 287, 289, ¶ 7, 160 P.3d 166, 168 (2007) (quoting *Phoenix of Hartford, Inc. v. Harmony Rests., Inc.*, 114 Ariz. 257, 258, 560 P.2d 441, 442 (App.1977)). We believe that interpreting Rule 27.8.C(2) as a permissive provision, without the dissent's limitation, allows the Rule to coexist in harmony with A.R.S. § 13–901.E. More importantly, preserving the authority granted by A.R.S. § 13–901.E safeguards what we believe was the legislature's intent.

¶ 19 In addition, we do not believe our interpretation sends the wrong message to probationers, as the dissent suggests. The dissent asserts probationers may be tempted to ignore their court-ordered obligations if they believe they can do so without being held accountable. Furthermore, that this result lessens public confidence in the judiciary. However, A.R.S. § 13–901.E protects against this concern by authorizing termination *only* when: (1) justice will be served; and (2) the conduct of the defendant indicates rehabilitation. Also, we are convinced that when a civil judgment is entered for the remaining restitution amounts due, as occurred in this case, it ensures that proba-

---

**5.** The dissent cites *Moore* for the proposition that a "trial court does not have authority to terminate a probation as unsuccessfully completed." 149 Ariz. at 177, 717 P.2d at 481. However, the court in *Moore* went on to emphasize that a trial court may terminate probation *"if in the court's opinion the ends of justice will be served thereby and if the conduct of the defendant on probation warrants it."* *Id.* (quoting A.R.S. § 13–901.E (1984)). We find this reasoning to be consistent with our opinion.

**6.** The State also argues that under *State v. Hensley,* "[t]he penalty for violating probation is revocation, modification, or continuation of the pro-

bation." 201 Ariz. 74, 79, ¶ 21, 31 P.3d 848, 853 (App.2001). However, *State v. Hensley* interpreted A.R.S. § 13–901.01.E and is not applicable in this case. *Id.* at 79, ¶¶ 20–21, 31 P.3d at 853. Section 13–901.01.E *requires* a court to impose new terms of probation when a person violates the terms of probation for a conviction of "personal possession or use of a controlled substance." In this case, Defendant was convicted of possession for sale and therefore does not fall under A.R.S. · § 13–901.01.E. A.R.S. § 13–901.01.C ("Personal possession or use of a controlled substance pursuant to this section shall not include possession for sale.").

tioners are held accountable if their court-ordered obligations are not met prior to termination of their probation.

¶ 20 Furthermore, the State has not argued "that a termination of probation as unsuccessful differs in any critical way from a revocation of probation, which the [trial] court unquestionably has the power to order." *In re Themika M.*, 206 Ariz. 553, 554, ¶ 8, 81 P.3d 344, 345 (App.2003); *see* Rule 27.8.C(2). As stated in *Themika M.*, "[to] some extent, then, the issue presented is one of semantics.... Had the court instead stated it was revoking [defendant's] probation and discharging her from supervision because she had failed to comply with its terms, its power to do so might have gone unquestioned." *Id.* Similarly, in this case, had the court simply revoked Defendant's probation, instead of "unsuccessfully" terminating it, the court's power would have been unquestioned. Therefore, we hold the court had authority to terminate Defendant's probation as unsuccessful and did not impose an illegal sentence.

**Sufficiency of the Evidence**

¶ 21 The State also argues that the trial court's decision is untenable as there is nothing in the record to indicate that Defendant was rehabilitated. When reviewing sufficiency of the evidence claims, "we view the evidence in the light most favorable to sustaining the verdict and reverse only if no substantial evidence supports the conviction." *State v. Pena*, 209 Ariz. 503, 505, ¶ 7, 104 P.3d 873, 875 (App.2005). "The finder-of-fact, not the appellate court, weighs the evidence and determines the credibility of witnesses." *State v. Cid*, 181 Ariz. 496, 500, 892 P.2d 216, 220 (App.1995).

¶ 22 We conclude that there is sufficient evidence in the record to support the trial court's decision. Defendant completed a drug-rehabilitation program, abstained from using drugs and alcohol, performed 347 hours of community service and paid $4200 in fines and fees. At the disposition hearing, Defendant produced letters documenting his community involvement, testified that he had made lifestyle changes and accepted responsibility for his delinquencies. In addition, Defendant's probation officer recommended that Defendant be terminated from probation. This evidence is sufficient to affirm the trial court's decision.

## CONCLUSION

¶ 23 For the foregoing reasons, we affirm the trial court's order terminating probation and entry of judgment for the unpaid fines and fees.

CONCURRING: DONN KESSLER, Judge.

HALL, Presiding Judge, dissenting.

¶ 24 When sentenced in 2003 after pleading guilty to possessing a dangerous drug for sale, a class 2 felony, Defendant was placed on intensive probation for five years, and ordered to pay a fine of $5400 (including applicable surcharges) and perform community service at the rate of forty hours per month.[7] As Defendant was nearing the end of his five-year probationary term, an Apache County probation officer filed a petition for termination of probation requesting that his "probation be terminated unsuccessful" because he "has not been in compliance with the terms and conditions of probation." The petition noted Defendant was "delinquent 245 hours of Community Restitution [8] and $6660 in Court ordered Fines/Fees." [9]

¶ 25 The State objected to the petition and filed a petition to revoke Defendant's probation based on the delinquencies. After the petition to revoke was filed on September 4, 2008 but before a pre-revocation hearing

---

7. Defendant's monthly community service requirement was reduced to eight hours after he was placed on standard probation.

8. In 2005, the legislature substituted the term "community restitution" for "community service." 2005 Ariz. Sess. Laws, ch. 187, § 15 (1st Reg. Sess.).

9. According to a probation worksheet filed with the petition, Defendant still owed $4292 of the $5400 fine. The additional amount was attributable to other unpaid assessments and fees totaling $2368.

scheduled for November 3, Defendant made a $3000 payment towards the outstanding fines/fees. Based on Defendant's admissions at the hearing, the trial court found that Defendant violated his probation by not completing the required hours of community service and failing to pay the full amount of the fines/fees. Following this hearing, but before disposition proceeded on December 8, Defendant paid an additional $1200.

¶ 26 At the disposition hearing, the State acknowledged the substantial payments Defendant made after the petition to revoke had been filed but requested that his period of probation be extended so he could be supervised until the remaining balance was paid.[10] The court, after commenting that "I'm not certain that there's anything that probation can assist you with at this point in time to complete any rehabilitative process[,]" discharged Defendant from probation as "unsuccessfully terminate[d]" and directed that a judgment be entered against Defendant for the unpaid balance of the fines/ fees. Believing such a disposition to be unauthorized, I respectfully dissent.

¶ 27 Defendant's violations do not set him apart from many other probationers found in violation of probation for nonpayment of fines/fees. Nor is Defendant unlike other probationers who make minimal payments towards court-ordered financial obligations until faced with the possible imposition of severe sanctions. Furthermore, as the majority notes, A.R.S. § 13–901(E) vests substantial discretion in the trial court to terminate a defendant's probation before the originally imposed period expires if the court believes that "the ends of justice will be served and if the conduct of the defendant on probation warrants it." However, A.R.S. § 13–901(E) does not authorize a trial court to grant early release to a defendant whose performance while on probation has been unsatisfactory. *See State v.*

*Moore,* 149 Ariz. 176, 177, 717 P.2d 480, 481 (App.1986) ("The trial court does not have authority to terminate a probation as unsuccessfully completed.").[11] The performance of a defendant who made practically no payments towards his court-ordered financial obligations over a period of five years but found the wherewithal to do so only after a petition to revoke his probation was filed can hardly be characterized as satisfactory.

¶ 28 But the key question here is whether a trial court may discharge a defendant from probation after finding that he violated it. Rule 27.8(c)(2) provides: "Upon a determination that a violation of a condition or regulation of probation occurred, the court may revoke, modify or continue probation." The majority, relying on the general permissive meaning of the word "may," holds that the listed alternatives are not exclusive; therefore a trial court also acts within its discretion when it releases a probation violator from probation. I disagree.

¶ 29 The use of the word "may" in a rule or statute does not always imply an unlimited discretion. Rather, "[t]he word 'may,' when used in a statute, usually implies some degree of discretion. This common-sense principle of statutory construction is by no means invariable, however, and can be defeated by indications of legislative intent to the contrary or by obvious inferences from the structure and purpose of the statute." *United States v. Rodgers,* 461 U.S. 677, 706, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983). *See also Frye v. S. Phoenix Volunteer Fire Co.,* 71 Ariz. 163, 167, 224 P.2d 651, 654 (1950) (meaning of "may" as mandatory or permissive depends on legislative intent); *see also United States v. Cook,* 432 F.2d 1093, 1098 (7th Cir.1970) ("While it is true in construction of statutes, and presumably also in the construction of federal rules, that the word 'may' as opposed to 'shall' is indicative of discretion or a choice between two or more

---

10. The maximum period of probation for a class 2 felony is seven years. A.R.S. § 13–902(A)(1) (2001). Therefore, Defendant's period of probation could have been increased by up to two years.

11. According to the worksheet accompanying the probation officer's petition, Defendant's proba-

tion expiration date was September 13, 2008. Thus, Defendant's probation was terminated nine days early. *See* A.R.S. § 13–903(D) (2001) (running of period of probation ceases from filing of petition to revoke to termination of revocation proceedings if defendant is found in violation of probation).

alternatives, the context in which the word appears must be the controlling factor."). Indeed, the word "may" is used elsewhere in Arizona's criminal procedure rules as a restrictive term. *See* Rule 2.1 ("Misdemeanor actions may be commenced in Superior Court by indictment, or by information filed directly in Superior Court."); Rule 7.5(a) (stating that "the court ... may issue a warrant or summons ... to secure [a] defendant's presence in court").

¶ 30 The evident purpose of Rule 27.8(c)(2) is to limit the court's discretion at disposition by requiring it to choose between one of three authorized courses of action. If the supreme court had intended that a trial court actually have the option of discharging a defendant found to have violated a condition or regulation of probation, it certainly would have said so rather than leave it as an unspoken fourth option. Given the lack of a clear directive from the supreme court, I am unable to agree that Rule 27.8(c)(2) should be read in conjunction with A.R.S. § 13–901(E) to authorize the discharge of a probationer who has willfully violated probation by failing to meet his court-ordered obligations. Doing so sends the wrong message that probationers may not be held accountable if they fail to take their probation obligations seriously and will tend to lessen public confidence in the judiciary.