SUPREME COURT OF ARIZONA
En Banc

STATE OF ARIZONA,                    )  Arizona Supreme Court
                                     )  No. CR-10-0211-PR
                        Appellant,   )
                                     )  Court of Appeals
              v.                     )  Division One
                                     )  No. 1 CA-CR 09-0127
TROY JASON LEWIS,                    )
                                     )  Apache County
                        Appellee.    )  Superior Court
                                     )  No. CR2003-112
                                     )
                                     )
                                     )  **O P I N I O N**
_____    )

Appeal from the Superior Court in Apache County
The Honorable Donna J. Grimsley, Judge

**AFFIRMED**
_____

Opinion of the Court of Appeals, Division One
224 Ariz. 512, 233 P.3d 625 (App. 2010)

**AFFIRMED**
_____

MICHAEL B. WHITING, APACHE COUNTY ATTORNEY          St. Johns
      By    Martin Brannan, Chief Deputy County Attorney
Attorneys for State of Arizona

LAW OFFICE OF EMILY DANIES                            Tucson
      By    Emily L. Danies
Attorney for Troy Jason Lewis
_____

**H U R W I T Z**, Vice Chief Justice

¶1      A term of probation may be terminated "at a time earlier than that originally imposed if in the court's opinion the ends of justice will be served and if the conduct of the

defendant on probation warrants it." A.R.S. § 13-901(E) (2010).[1] We granted review in this case to determine whether a court may terminate probation despite a defendant's failure to complete all required community service and pay all outstanding fees and fines.

## I.

¶2      In 2003, Troy Jason Lewis pleaded guilty to possession of a dangerous drug for sale. The superior court placed him on probation for five years and ordered him to perform forty hours per month of community service and pay $5400 in fines and fees.

¶3      While on probation, Lewis tested positive for methamphetamine three times and was incarcerated for each violation. After the third violation, Lewis was placed in an inpatient rehabilitation program for 180 days. Lewis successfully completed the program and has remained drug-free. Lewis completed vocational training and has been steadily employed for several years. He has married, has two children, and regularly attends church.

¶4      Lewis's term of probation was to expire on September 13, 2008. His probation officer petitioned for termination of probation on September 3, 2008. The petition noted that Lewis had not completed all required community service and had not

---

[1]      We cite the current version of the statute because it has not been materially revised since the events that gave rise to this case.

2

paid all outstanding fees and fines, but nonetheless recommended "unsuccessful termination" and the entry of a civil judgment for the remaining fees and fines. The State objected and filed a petition to revoke probation. Between October and December 2008, Lewis paid most of the delinquent fines. On December 4, 2008, his probation officer reported to the court that Lewis had completed 347 hours of community service, appeared "sincere in his desire to improve his life," and opined that "continued probation would be of little benefit."

¶5 At a disposition hearing on December 8, 2008, Lewis addressed the court and acknowledged responsibility for the unpaid fines and fees. The trial court noted that Lewis had received letters of support from the community. Although finding that Lewis had neither paid all required fines nor completed all required community service, the court nonetheless decided to terminate probation, stating:

> Mr. Lewis, I tend to agree with you that probation is designed for rehabilitation, and I'm not certain that there's anything that probation can assist you with at this point in time to complete any rehabilitative process. It seems that those efforts have been made, and I don't think we're going to get better by keeping you on probation.
>
> Therefore, I am going to follow the recommendation. I will unsuccessfully terminate your probation today because there's . . . an outstanding amount, and that will be entered as a judgment against you.

3

¶6     The State appealed.  A divided court of appeals affirmed the termination of Lewis's probation.  *State v. Lewis*, 224 Ariz. 512, 513 ¶ 1, 233 P.3d 625, 626 (App. 2010).  Judge Hall dissented, arguing that § 13-901(E) "does not authorize a trial court to grant early release to a defendant whose performance while on probation has been unsatisfactory."  *Id*. at 517 ¶ 27, 233 P.3d at 630 (Hall, J., dissenting).

¶7     We granted review to resolve a recurring issue of statewide importance.  *See* ARCAP 23(c)(3).  We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II.

### A.

¶8     "The trial court's power to grant probation is not inherent but is derived from . . . statutory authority."  *State v. Carter*, 116 Ariz. 595, 597, 570 P.2d 763, 765 (1977).  The legislature also has plenary power to determine when probation may be terminated.  It has done so in § 13-901(E), which provides:

> The court, on its own initiative or on application of the probationer, after notice and an opportunity to be heard for the prosecuting attorney and, on request, the victim, may terminate the period of probation or intensive probation and discharge the defendant at a time earlier than that originally imposed if in the court's opinion the ends of justice will be served and if the conduct of the defendant on probation warrants it.

4

*See also* Ariz. R. Crim. P. 27.4(a) ("At any time during the term of probation, upon motion of the probation officer or on its own initiative, the court, after notifying the prosecutor, may terminate probation and discharge the probationer absolutely as provided by law.").

¶9      Section 13-901(E) vests trial courts with broad discretion to terminate probation.  The State argues, however, that the statute did not authorize the superior court to terminate Lewis's probation because he was "unsuccessful" – that is, he had neither completed all required community service nor paid all fines within the five-year probation period.  The State cites Arizona Rule of Criminal Procedure 27.8(c)(2), which provides that "[u]pon a determination that a violation of a condition or regulation of probation occurred, the court may revoke, modify or continue probation," and argues that the superior court was limited to these three options.

¶10      Because the criteria for probation eligibility are a substantive matter determined by the legislature, Rules of Criminal Procedure cannot directly conflict with statutory directives.  *See* Ariz. Const. art. 6, § 5(4) (giving this Court "[p]ower to make rules relative to all procedural matters in any court"); *Seisinger v. Siebel*, 220 Ariz. 85, 92 ¶ 26, 203 P.3d 483, 490 (2009) ("[O]nce we determine that a statute conflicting

with a court-promulgated rule is 'substantive,' the statute must prevail."). Thus, if Rule 27.8(c)(2) were read to prohibit a court from terminating probation despite its conclusion that the "ends of justice will be served . . . and the conduct of the defendant on probation warrants it," A.R.S. § 13-901(E), the Rule would exceed this Court's rule-making powers.

¶11     But, as the court of appeals noted, there is no inherent tension between Rule 27.8(c)(2) and § 13-901(E). *See Lewis*, 224 Ariz. at 515 ¶ 18, 233 P.3d at 628. The Rule simply recites options available to the trial court when a defendant violates the terms of probation. But the legislature has provided another option under certain limited circumstances. If the superior court finds that, notwithstanding the defendant's failure to complete all terms of probation successfully, he has nonetheless rehabilitated himself and no good purpose will be served by further probation, § 13-901(E) provides the judge with the discretion to terminate the probation.

¶12     Citing *State v. Moore*, the State argues that § 13-901(E) does not grant authority to terminate probation that is "unsuccessfully completed." 149 Ariz. 176, 177, 717 P.2d 480, 481 (App. 1986). But technically, no term of probation is successfully completed until it expires. Thus, the State's broad reading of *Moore* would vitiate § 13-901(E) by disallowing early termination.

6

¶13     But more importantly, *Moore* does not stand for the proposition advanced by the State. *Moore* expressly recognized that the trial court may terminate probation under § 13-901(E) when the ends of justice will be served and the defendant's conduct so warrants. *Id.*  The court then correctly explained that, by its terms, § 13-901(E) allows termination only if "the defendant's conduct is such as to indicate rehabilitation." *Id.* The *Moore* court's dictum that the statute does not allow termination when probation is "unsuccessfully completed" simply reinforces the legislative mandate that before ordering termination, the trial court must find that the defendant's conduct on probation was such as to demonstrate rehabilitation.[2]

## c.

¶14     The court of appeals thus correctly held that a trial court may terminate probation under § 13-901(E) when the defendant has not completed all terms of probation.  To be sure, such a failure will typically indicate that the defendant is not

---

[2]     The State also relied below on *State v. Hensley*, which stated that "once the court finds that a defendant has violated probation, its only options are to revoke, modify, or continue the terms of probation."  201 Ariz. 74, 79 ¶ 21, 31 P.3d 848, 853 (App. 2001).  But, as the opinion below noted, *Hensley* interpreted A.R.S. § 13-901.01(E), which requires a court to impose new probationary terms when a person violates the terms of probation for a conviction for personal possession or use of a controlled substance.  Lewis was convicted of possession for sale and § 13-901.01(E) does not apply to his case. *See Lewis*, 224 Ariz. at 515 ¶ 16 n.6, 233 P.3d at 628 n.6.

sufficiently rehabilitated to deserve termination, or, in the words of the statute, that neither "the ends of justice" nor "the conduct of the defendant on probation" justify early termination. But, in an appropriate case, the statute authorizes the trial court to terminate probation even if a probationer has been unsuccessful in fulfilling all conditions of probation within the original term.

¶15 The trial court here did not abuse its discretion in terminating probation. *See State v. Patel*, 160 Ariz. 86, 89, 770 P.2d 390, 393 (App. 1989) (reviewing early termination of probation for abuse of discretion). The probation officer had recommended early termination, and Lewis's exemplary conduct after completing the inpatient program demonstrated his rehabilitation. Section 13-901(E), which expressly allows termination decisions to be based on the "opinion" of the trial court, entrusts broad discretion to the judges most able to determine the situation of a particular defendant in deciding whether sufficient rehabilitation has occurred to warrant termination. The judge here had ample evidence from which she could so conclude. The court's conclusion that the "ends of justice" would not be served by continuing on probation a defendant who had already completed hundreds of hours of

8

community service and paid most of his fines and fees was well within its statutory discretion.[3]

¶16    Nor was continuing probation necessary to ensure payment of Lewis's outstanding fines and fees.  The trial court is required to enter a civil judgment when probation is terminated, affirming the obligation of a defendant to pay outstanding costs, fees, fines, and restitution.  A.R.S. § 13-805(A)(1), (A)(2) (2010).  The superior court appropriately did so here.

### III.

¶17    For the foregoing reasons, we hold that § 13-901(E) permits a court to terminate the probation of a defendant who has not completed all required community service or paid all outstanding fines and fees if the statutory prerequisites are met.  We also hold that the superior court did not abuse its discretion in finding that the interests of justice and Lewis's conduct while on probation warranted termination of his probation.  We therefore affirm the opinion of the court of appeals and the order of the superior court.

---

[3]    We encourage trial judges to make a record of their reasons for concluding that termination of probation is appropriate under § 13-901(E) when the defendant has failed to satisfy all conditions of probation.  Such a record serves to ensure compliance with the statutory requisites and facilitates appellate review.

9

_____
Andrew D. Hurwitz, Vice Chief Justice

CONCURRING:


_____
Rebecca White Berch, Chief Justice


_____
W. Scott Bales, Justice


_____
A. John Pelander, Justice