IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

―――――――――――――――

THE STATE OF ARIZONA,
*Petitioner*,

*v.*

HON. BRENDEN J. GRIFFIN, JUDGE OF THE
SUPERIOR COURT OF THE STATE OF ARIZONA,
IN AND FOR THE COUNTY OF PIMA,
*Respondent*,

*and*

RYAN AHLERSMEYER,
*Real Party in Interest*.

No. 2 CA-SA 2023-0006
Filed March 10, 2023

―――――――――――――――

Special Action Proceeding
Pima County Cause No. CR20190243001

**JURISDICTION ACCEPTED; RELIEF GRANTED**

―――――――――――――――
COUNSEL

Laura Conover, Pima County Attorney
By Tai Summers, Deputy County Attorney, Tucson
*Counsel for Petitioner*

Megan Page, Pima County Public Defender
By Sarah Kostick, Chief Assistant Public Defender, Tucson
*Counsel for Real Party in Interest*

---

**OPINION**

---

Chief Judge Vásquez authored the opinion of the Court, in which Presiding Judge Eckerstrom and Judge Sklar concurred.

---

V Á S Q U E Z, Chief Judge:

¶1        The state seeks special action review of the respondent judge's order granting real-party-in-interest Ryan Ahlersmeyer's request to revoke his probation.  We accept jurisdiction and grant relief.

¶2        In 2019, Ahlersmeyer pled guilty to failing to register as a sex offender and luring a minor for sexual exploitation.  The plea agreement mandated that Ahlersmeyer be sentenced to prison for the first offense but left to the trial court's discretion whether to impose a prison term on the second or to suspend the imposition of sentence and place him on lifetime probation.  At sentencing, Ahlersmeyer requested lifetime probation.  The trial court imposed a 4.5-year prison term for failing to register and lifetime probation for luring.

¶3        In 2022, while serving his prison term, Ahlersmeyer filed a motion to modify his conditions of probation, asking the respondent judge to revoke probation and sentence him to a consecutive prison term.  The respondent denied the request, in part because he believed he lacked authority to revoke a term of probation before it began.

¶4        After his release from prison, Ahlersmeyer again filed a motion asking the respondent judge to revoke his probation and sentence him accordingly.  The respondent granted the motion, concluding he had "discretion to revoke [Ahlersmeyer]'s probation under A.R.S. § 13-901 to A.R.S. § 13-903 [and] Arizona Rules of Criminal Procedure, Rule 27."  The respondent further found Ahlersmeyer had "knowingly, intelligently and voluntarily explained to the Court that he has no intention of following his Conditions of Probation."  This petition for special action followed.

¶5        Our exercise of special action jurisdiction is appropriate when a party has no "equally plain, speedy, and adequate remedy by appeal," Ariz. R. P. Spec. Act. 1(a), and the issue presented is a pure question of law, *Phx. Newspapers, Inc. v. Ellis*, 215 Ariz. 268, ¶ 9 (App. 2007).  The state arguably has a remedy by appeal under A.R.S. § 13-4032(4), which allows

the state to appeal from "[a]n order made after judgment affecting the substantial rights of the state."[1] But, despite the possible appealability of the respondent's order here, we accept special action jurisdiction because the issue presented is a matter of law and our grant of relief prevents an unnecessary sentencing proceeding.

¶6         The state argues the respondent judge lacked discretion to revoke Ahlersmeyer's probation in the absence of a petition to revoke. We agree that no rule or statute gives a trial court the authority to do so and that the respondent erred by concluding otherwise.

¶7         A trial court has no inherent authority to modify a sentence. *Shinn v. Ariz. Bd. of Exec. Clemency*, ___ Ariz. ___, ¶ 32, 521 P.3d 997, 1005 (2022). Thus, it may do so only as permitted by our rules of criminal procedure. *Id.* A sentence is final when announced, Ariz. R. Crim. P. 26.16(a), and a trial court may not modify a sentence more than sixty days after sentencing. Ariz. R. Crim. P. 24.3(a). Even then, it may do so only if the original sentence is unlawful. *Id.*

¶8         Likewise, a trial court has no inherent power to impose probation, *State v. Lewis*, 224 Ariz. 512, ¶ 13 (App. 2010), but it is "a matter of legislative grace." *State v. Gomez*, 212 Ariz. 55, n.6 (2006). Once ordered, a court may modify "any condition or regulation of probation," Ariz. R. Crim. P. 27.3(b), that is, the terms previously set by the court and the requirements imposed by the probation officer, Ariz. R. Crim. P. 27.1(a). Any modification of probation "must comply with case law and statutes, due process, and statutory limitations." Ariz. R. Crim. P. 27.3(b)(1).

¶9         Although a trial court has the authority to revoke probation, that process is triggered by a petition to revoke filed by the probation officer or by the state. Ariz. R. Crim. P. 27.6, 27.8(a). A court may in some circumstances shorten a probation term and terminate probation early, but there are specific requirements that must be met, Ariz. R. Crim. P. 27.4, and that is not what Ahlersmeyer requested here.

¶10         Nor do Arizona's statutes governing probation suggest a trial court has the authority to sua sponte revoke probation. Section 13-901(C),

---

[1]*See also State v. Moore*, ___ Ariz. ___, ¶¶ 4, 8-9, 522 P.3d 1108, 1109, 1110 (App. 2022) (noting "probation affects substantial rights of the state"); *State v. Lewis*, 224 Ariz. 512, ¶¶ 9, 10 (App. 2010) (citing § 13-4032(4) in noting appellate jurisdiction over state's appeal from decision to terminate, rather than revoke, probation).

A.R.S., allows a court to revoke probation "if the defendant commits an additional offense or violates a [probation] condition," and the court may do so only "in accordance with the rules of criminal procedure." Those rules, as noted above, allow revocation only when a violation has allegedly occurred and the state or a probation officer requests it. Although a court may terminate probation before the term expires, that process is available only when "the ends of justice will be served and if the conduct of the defendant on probation warrants it." § 13-901(E). And, again, Ahlersmeyer did not ask for his probation to be terminated; he asked for it to be revoked.

¶11 Ahlersmeyer counters that no rule prohibits a trial court from revoking probation at the defendant's request. He is apparently asserting that a court must have such power inherently. But this position is contrary to § 13-901(C) and the current rules applicable to such proceedings. As we have explained, both the statute governing a court's authority to revoke probation and the rules governing the procedure for doing so require a violation of the probation terms. Even then, revocation is available only after a petition has been filed and the court has held a revocation proceeding compliant with the criminal rules. If a court could revoke probation in the absence of a violation, petition, and court proceeding, this statutory provision would be superfluous. We decline to adopt such an interpretation. *See State v. Arthur*, 125 Ariz. 153, 155 (App. 1980) ("Whenever possible, a statute will be given such an effect that no clause, sentence, or word is rendered superfluous, void, contradictory or insignificant.").

¶12 Ahlersmeyer also suggests that, because a defendant may simply reject probation and choose prison, the trial court must have authority to revoke probation if the defendant requests it. His position finds some support in Arizona caselaw. In *State v. Montgomery*, our supreme court held that a probation provision requiring a defendant to submit to warrantless searches by a police officer was constitutional. 115 Ariz. 583, 583-85 (1977). The court commented, without explanation or analysis, that a defendant "may reject the terms of probation and ask to be incarcerated instead if he finds the terms and conditions of his probation unduly harsh." *Id.* at 584.

¶13 But, as this court pointed out in *Demarce v. Willrich*, at the time the supreme court made this statement, the governing statutes dictated that the maximum probation term and maximum prison term were the same. 203 Ariz. 502, ¶¶ 10, 13 (App. 2002). That is, the defendant's rejection of probation meant only that he would serve the same term in prison: "Where and how he chose to do the time was up to him." *Id.* ¶ 10. That is no longer

4

the case. *Id.* ¶ 13. And we additionally noted in *Demarce* that no court had interpreted *Montgomery* to mean a defendant could withdraw from probation after it had been imposed and, moreover, such an approach would effectively nullify A.R.S. § 13-902(E), which provides for lifetime probation for certain offenses. *Id.* ¶¶ 11, 15.

**¶14** Ahlersmeyer is correct that, in *Demarce*, we determined only that the trial court was not *required* to accept a defendant's post-sentencing attempt to reject probation. But our reasoning limiting *Montgomery* to the law in effect at the time is equally applicable in this context. Unlike when *Montgomery* was decided, the probation term and prison term need not be the same. Concluding that a court has inherent discretionary authority to allow a defendant to reject probation after sentencing would be as inconsistent with § 13-902(E) as allowing the defendant to reject it out of hand, as we concluded in *Demarce*. And, as noted above, it would be inconsistent with the requirement in § 13-901(C) that probation revocation occur only after a violation.

**¶15** Ahlersmeyer is also correct that, in *Demarce*, the defendant had negotiated for probation as part of his plea. 203 Ariz. 502, ¶¶ 2, 17. But this difference does not make that court's reasoning less compelling. That Ahlersmeyer's plea did not require probation does not change that the relief he requests is inconsistent with the statutes and rules governing probation and its revocation.

**¶16** Ahlersmeyer asserts that the better approach would be to allow a defendant to request probation be revoked rather than having to deliberately violate it in an effort to achieve the same end. As we noted in *In re Maricopa County Juvenile Action No. JV-500210*, 177 Ariz. 3, 5 (App. 1993), one possible justification for the supreme court's statement in *Montgomery* is that it may be futile to impose probation "on a person who avows he will not abide by its terms." But that fact, even if true, does not allow us to create authority where none exists nor disregard the statutory scheme.

**¶17** Nor is it absurd for Ahlersmeyer to have to violate probation to achieve revocation, as he posits. Revocation is only one of several tools available to a trial court to promote compliance with probation—a court could instead modify the terms in a way that makes compliance more likely but is still consistent with probation's rehabilitative purpose. *See State v. Lietzau*, 248 Ariz. 576, ¶ 28 (2020) (noting "rehabilitative and reformative purposes of probation"). The legislature could have intended that a court

utilize other tools for defendants who are merely recalcitrant, reserving the final remedy of revocation for actual violations.

¶18        For these reasons, we accept special action jurisdiction and grant relief. We vacate the respondent judge's order granting Ahlersmeyer's motion to modify the terms of his probation.