IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

―――――――――――――――

THE STATE OF ARIZONA,
*Appellee*,

*v.*

KALILL STUBBLEFIELD,
*Appellant*.

No. 2 CA-CR 2025-0068
Filed December 22, 2025

―――――――――――――――

Appeal from the Superior Court in Pima County
No. CR20134843001
The Honorable Michael Butler, Judge

**AFFIRMED**

―――――――――――――――

COUNSEL

Kristin K. Mayes, Arizona Attorney General
Alice M. Jones, Deputy Solicitor General/Section Chief of Criminal Appeals
By Kyle Fields, Assistant Attorney General, Tucson
*Counsel for Appellee*

Megan Page, Pima County Public Defender
By David J. Euchner, Assistant Public Defender, Tucson
*Counsel for Appellant*

## OPINION

Judge Sklar authored the opinion of the Court, in which Vice Chief Judge Eppich and Judge O'Neil concurred.

S K L A R, Judge:

¶1        A.R.S. § 13-3821(G) imposes conditions under which trial courts "may order the termination" of a probationer's sex-offender-registration requirement. They may do so if the probationer committed the offense that resulted in the registration requirement before turning eighteen, upon "successful completion of probation." This case requires us to determine whether the "successful completion" language requires courts to assess the probationer's performance on probation or whether it is synonymous with the probation's expiration.

¶2        Kalill Stubblefield argues for the latter interpretation. He argues that the trial court erred in finding that he had not successfully completed probation. It reached that conclusion in part because Stubblefield had been convicted of a separate offense during the probation term. We disagree with Stubblefield and conclude that the court correctly applied the statute. We therefore affirm its decision to require Stubblefield to remain on the sex-offender registry.

## BACKGROUND

¶3        In December 2014, Stubblefield was placed on ten years of probation for one count of sexual conduct with a minor. He committed the offense in August 2013, when he was seventeen years old. Under the standard probation terms, Stubblefield was required to "obey[] all laws." In addition, the trial court ordered mandatory sex-offender registration under A.R.S. § 13-3821(C). Because Stubblefield was a minor when he committed the offense, his plea agreement contemplated the possibility of terminating his sex-offender registration under Section 13-3821(G).

¶4        In 2016, the state filed a petition to revoke probation and charged Stubblefield with new offenses. Stubblefield then pleaded guilty to three more felonies—one count of aggravated assault and two counts of disorderly conduct. The trial court, Judge Michael Butler, sentenced him to 3.5 years in prison and imposed three years of probation to run

concurrently with the original probation. Although Judge Butler found that Stubblefield had violated the conditions of his initial probation, he did not revoke that probation. Instead, he extended its term with a new termination date of November 2025.

¶5          In 2024, the state filed a second revocation petition, this time alleging, among others, a speeding violation. At a hearing before Judge Casey McGinley, Stubblefield admitted to this violation. Judge McGinley reinstated his original probation, with a new expiration date of January 2025.

¶6          Once that term expired, Judge McGinley discharged Stubblefield from probation. Stubblefield also moved to terminate his registration requirement. At a hearing, Judge Butler determined that Stubblefield had not successfully completed probation, due to his 2016 convictions and 2024 violation. He therefore denied the motion. Stubblefield appealed.

## JUDGE BUTLER'S AUTHORITY IN LIGHT OF PRIOR COMMENTS FROM JUDGE MCGINLEY

¶7          Stubblefield first makes an argument concerning comments that Judge McGinley made when reinstating his probation for the final time. Specifically, Stubblefield asserts that Judge McGinley "stated unequivocally" that his probation would be considered "successful" upon expiration of the term, ninety-two days after the hearing. In Stubblefield's view, this was an order that became final when Judge McGinley discharged him from probation. Although Stubblefield does not say so explicitly, he seems to suggest that Judge Butler lacked authority to disagree with Judge McGinley.

¶8          Judge McGinley's comments were as follows:

> If you successfully complete that 92 days, they're going to file a petition, they're going to show that it's expired, and you're going to show that you have successfully completed probation. If you violate, you're going to have to convince me that I shouldn't show that it was unsuccessful. Fair?

Moments earlier, though, Judge McGinley also stated, "That's going to be another question for another day, by the way, whether you meet the criteria

3

to not have to register.  But I don't want to put you in a position where you can't argue it."

**¶9**　　　　Taken together, Judge McGinley's statements are better understood as simply advising Stubblefield that after those ninety-two days, he could argue that he had successfully completed probation.  It was not a final order, nor did it bind Judge Butler.  *See State v. Dixon*, 216 Ariz. 18, ¶ 14 (App. 2007) ("Appeals lie from findings of fact, conclusions of law, and judgments, not from ruminations of the trial judge." (quoting *United Cal. Bank v. Prudential Ins. Co. of Am.*, 140 Ariz. 238, 308 (App. 1983))).  We therefore turn to the merits.

## "SUCCESSFUL COMPLETION" OF PROBATION UNDER
## A.R.S. § 13-3821(G)

**¶10**　　　　A defendant convicted of certain offenses must register as a sex offender.  *See* A.R.S. § 13-3821.  Outside of certain exceptions, registration is a lifelong requirement.  *State v. Trujillo*, 248 Ariz. 473, ¶ 11 (2020).  One such exception allows a trial court to terminate any duty to register upon "successful completion of probation if the person was under eighteen years of age when the offense . . . was committed."  § 13-3821(G).  If the defendant meets these requirements, the court "may order the termination of any duty to register."  *Id.*

**¶11**　　　　Because "successful completion" is not statutorily defined, this case requires us to determine its meaning, an issue of first impression.  Stubblefield argues that once a probation term has expired, its completion was necessarily successful.  We review issues involving interpretation and application of statutes de novo.  *State v. Bryson*, 256 Ariz. 511, ¶ 9 (App. 2023).

**I.**　　**The rules of statutory interpretation support giving independent meaning to the word "successful"**

**¶12**　　　　When interpreting statutes, we begin with the words of the statute.  *State v. Serrato*, ___ Ariz. ___, ¶ 9, 568 P.3d 756, 759 (2025).  We consider the language in relation to the entire text, considering context and related statutes on the same subject.  *Id.*; *see also* Antonin Scalia & Bryan A. Garner, *Reading Law:  The Interpretation of Legal Texts* § 24 (2012) ("Context is a primary determinant of meaning.").  We give the terms effect "in accordance with their commonly accepted meanings, 'unless the legislature has offered its own definition of the words or it appears from the context that a special meaning was intended.'"  *Planned Parenthood Ariz., Inc. v.*

*Mayes*, 257 Ariz. 137, ¶ 16 (2024) (quoting *State v. Reynolds*, 170 Ariz. 233, 234 (1992)).

¶13 Where statutes are unambiguous, we interpret them based on their plain language in the context of the law that grants the authority. *Id.* ¶ 15; *In re Drummond*, 257 Ariz. 15, ¶ 5 (2024)). But "if the statutory language is ambiguous—if 'it can reasonably be read in two ways'—we may use alternative methods of statutory construction, including examining the [statute's] historical background, its spirit and purpose, and the effects and consequences of competing interpretations." *Serrato*, ___ Ariz. ___, ¶ 9, 568 P.3d at 759 (quoting *Planned Parenthood*, 257 Ariz. 137, ¶ 17).

¶14 Beginning with the plain language of Section 13-3821(G), "successful completion" involves two concepts—that probation was completed, and that it was successful. This is significant because a "cardinal principle of statutory interpretation is to give meaning, if possible, to every word and provision so that no word or provision is rendered superfluous." *Nicaise v. Sundaram*, 245 Ariz. 566, ¶ 11 (2019). This principle counsels against Stubblefield's proposed interpretation, which renders the word "successful" superfluous by concluding that any "completion" of probation is necessarily successful.

¶15 In his reply brief, Stubblefield argues that the term "successful completion" should be read as a single phrase. He correctly points out that we do not read words hyper-literally. *See Serrato*, ___ Ariz. ___, ¶ 15, 568 P.3d at 760. That rule, however, simply discourages ignoring textual and contextual clues about a particular term's meaning. *Id.* ¶¶ 15-16 (literalism—involving "a narrow, crabbed reading of a text"—is not textualism); *Niz-Chavez v. Garland*, 593 U.S. 155, 160 (2021) (courts should "exhaust 'all the textual and structural clues' bearing on [a statute's] meaning" (quoting *Wis. Cent. Ltd. v. United States*, 585 U.S. 274, 275 (2018))). And here, Stubblefield has pointed to no clues allowing us to, in essence, read "successful" as synonymous with "completion." Nor do we discern any. We therefore conclude that the statute is not ambiguous in context.

¶16 Stubblefield, however, suggests that we apply the rule that counsels against creating absurd results. *See Carson v. Gentry*, ___ Ariz. ___, ¶ 56, 574 P.3d 205, 218 (2025) ("If a statute's text is clear and unambiguous, it controls unless it results in an absurdity or a constitutional violation."). He argues that if "successful completion" is not read to encompass all completion, "no probationer may apply for termination of registration requirements unless they complete every single requirement of probation

with a perfect score." But not even the state argues for that interpretation of the statute.

¶17        Like the state, we do not read "successful" as synonymous with perfection. Indeed, another probation-related statute points to a different meaning. That statute, A.R.S. § 13-604, requires certain offenses to be designated as misdemeanors when the "defendant successfully fulfills the conditions of probation." It reads:

> The court shall designate an undesignated offense as a misdemeanor on the defendant's successful fulfillment of the conditions of probation and discharge by the court. The defendant successfully fulfills the conditions of probation if, in the discretion of the court, the defendant has satisfied the conditions of probation.

By providing a trial court with discretion to evaluate a probationer's compliance with the conditions, this statute recognizes that "successful" need not mean perfect.

¶18        We recognize that the language of Section 13-604 is not identical to that of Section 13-3821. The former uses the phrase "successfully fulfills the conditions" of probation, while the latter uses the phrase "successful completion." We do not suggest that the analyses contemplated by the two statutes are identical. *See Egan v. Fridlund-Horne*, 221 Ariz. 229, ¶ 37 (App. 2009) ("[W]e presume that when the legislature uses different wording within a statutory scheme, it intends to give a different meaning and consequence to that language."). But the language of Section 13-604 nevertheless demonstrates that there is nothing absurd about requiring courts to evaluate a probationer's success on probation.

## II.    Our analysis is not affected by case law that prohibits courts from terminating probation early as "unsuccessful"

¶19        Stubblefield also seeks support for his argument in the case law applying A.R.S. § 13-901(E). That statute allows trial courts to terminate probation early "if in the court's opinion the ends of justice will be served and if the conduct of the defendant on probation warrants it." The case law explains that early termination is permissible even where the probationer has "been unsuccessful in fulfilling all conditions of probation within the original term." *State v. Lewis*, 226 Ariz. 124, ¶ 14 (2011). In

reaching this conclusion, our supreme court observed that "no term of probation is successfully completed until it expires." *Id.* ¶ 12. It also explained that its decision was consistent with a prior opinion from this court, which had concluded that Section 13-901(E) did not allow courts to terminate a probation early as "unsuccessfully completed." *Id.* ¶¶ 12-13 (citing *State v. Moore*, 149 Ariz. 176, 177 (App. 1986)).

**¶20** This case law does not affect our analysis. It is specific to the authority to grant early termination, and its application of Section 13-901 does not purport to address a trial court's power to extend or terminate a sex-offender-registration requirement under Section 13-3821. According to *Moore*, a court cannot terminate probation early because of a violation, but it may do so only "if the defendant's conduct is such as to indicate rehabilitation." 149 Ariz. 176, 177. *Lewis* clarifies that a court may nonetheless terminate probation early even when not all terms are complete, so long as the ends of justice and the conduct of the defendant warrant it. 226 Ariz. 124, ¶¶ 14-17. It is perfectly plausible that a court would be prohibited from granting early termination for "unsuccessfully" completing probation while retaining discretion for registration purposes to evaluate whether the defendant has completed probation successfully when the original term ends. As noted, courts must already undertake a similar analysis in the context of Section 13-604.

### III. The trial court acted within its discretion in concluding that Stubblefield did not successfully complete probation

**¶21** Having rejected Stubblefield's argument that all "completion" of probation is "successful," we must still evaluate whether the trial court properly applied Section 13-3821. The state suggests that this analysis requires considering whether Stubblefield completed probation while achieving its goals, which are reducing offender recidivism, promoting rehabilitation, and protecting the community.

**¶22** We agree that trial courts may evaluate "successful completion" against this backdrop. But measuring success solely against these broad purposes is not sufficiently moored to the probation statutes, which form part of the context for Section 13-3821. *See Serrato*, ___ Ariz. ___, ¶ 9, 568 P.3d at 759 (requiring statutes to be interpreted in context). That statutory context allows courts to impose probation "on such terms and conditions as the law requires and the court deems appropriate." § 13-901(A).

¶23       Thus, a probationer's success should also be measured against satisfaction of the terms and conditions imposed. In that sense, the analysis overlaps with that required by Section 13-604(C), which looks to the fulfillment of probation conditions. But because Section 13-3821 does not reference those conditions, we agree with the state that courts may also look more broadly at the public-policy goals of probation. This is especially true because, while probation and the sex-offender registry do not serve identical policy goals, both are intended to protect the community. *See Trujillo*, 248 Ariz. 473, ¶2 (registry serves "important civil regulatory purpose of making offender information 'accessible' to the public so that they 'can take the precautions they deem necessary' for their own safety" (quoting *Smith v. Doe*, 538 U.S. 84, 101 (2003))).

¶24       In general, trial courts are best positioned to evaluate the probationer's satisfaction of the probation conditions in light of probation's public-policy goals. *See State v. Patton*, 120 Ariz. 386, 388 (1978) (trial court, in most instances, more able than appellate courts to evaluate defendant and his circumstances). We will not second-guess their decisions unless they abuse that discretion. *See id.* We also remind courts that the determination of whether probation has been successfully completed is a precursor to the separate determination of whether to terminate the registration requirement. *See* § 13-3821(G) (providing that court "may order" termination of registration requirement upon "successful completion" of probation). Courts may reach that issue only after concluding that probation was successfully completed. *Id.*

¶25       In this case, Stubblefield's probation terms required him to obey all laws. Yet he pleaded guilty to several new offenses and admitted to speeding violations during his time on probation. Stubblefield also failed to attend required drug tests, sex-offender treatments, and anger-management programs. These failures support the trial court's conclusion under Section 13-3821(G) that Stubblefield had not successfully completed probation.

## DISPOSITION

¶26       For the foregoing reasons, we affirm the trial court's denial of Stubblefield's motion to terminate his sex-offender-registration requirement.